UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAYTON GREEN | * | |
| Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-09-1442 |
| | * | CRIM. NO. L-05-0088 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

*******

## MEMORANDUM

Payton Green, who is now serving a 188 month sentence, has filed a petition under 28 U.S.C. § 2255.  Green contends that his criminal history score was improperly inflated by three driving convictions that should have been disregarded because he was not represented by counsel.  See Docket No. 66, P.'s Mem. 4.  Green argues that his counsel was ineffective because he failed to object to the total number of points in the criminal history contained in the Pre-Sentence Report.

Green, who was represented by Kenneth Ravenell, Esquire, pled guilty to conspiracy to distribute one or more kilograms of heroin.  On June 19, 2006, Judge Andre M. Davis sentenced Green to 188 months imprisonment.  The sentencing occurred after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), meaning that Judge Davis first calculated Green's sentence under the advisory United States Sentencing Guidelines.  Next, Judge Davis decided Green's sentence based on the binding statute, 18 U.S.C. § 3553.

In calculating Green's sentencing guideline range, Judge Davis placed Green in Offense Level 33.  Gov't Ex. C, Sent. Hr'g Tr. 35.  As reflected in the Pre-Sentence Report, Green had amassed twelve criminal history points, placing him in Category V.  Pre-Sentence Rep. 8-9.  Mr. Ravenell moved for a downward departure under the Sentencing Guidelines, arguing that placing

Green in Category V over-represented the seriousness of Green's criminal history.  Id. at 36-44; see U.S.S.G § 4A1.3(b).  Mr. Ravenell also advanced the same argument in support of a variant sentence in the event that Judge Davis declined to depart downward.  Gov't Ex. C, Sent. Hr'g Tr. 35.

Ravell focused his argument on five of Green's convictions.  In 1991, when Green was sixteen, he pled guilty as an adult to one charge of possession of drug paraphernalia and one charge of extortion.  Pre-Sent. Rep. 6.  These offenses added six points to Green's criminal history.  In 1999, Green was convicted of two counts of driving a motor vehicle on a suspended license.  Id. 7-8.  In 2002, Green was convicted of one count of driving a motor vehicle on a revoked license.  Id. 8.  These offenses added three points to Green's criminal history.

Judge Davis granted the motion, departing downward from criminal history Category V to Category IV.  Sent. Hr'g Tr. 44.  In granting the motion, Judge Davis observed that Green had a "very serious criminal record."  Id.  Judge Davis explained:

> I am only going to depart one level on criminal history because he clearly is a recidivous [sic] in the classic sense of the word.  Unfortunately his past would reflect a likelihood of reoffending in the future.  By the way, he's got a handgun.  He's got everything.  He's got everything.  He has everything but a bank robbery.  It's just amazing.

Id. 43-44.

Judge Davis granted the motion, which fixed the final guideline range at offense level 33, criminal history Category IV (188-235 months).  Judge Davis then imposed a 188 month sentence based upon "the facts and circumstances of the case."  Id. 15.

According to certified court records provided by the government, Green was represented by counsel for the 1991 convictions and two other convictions referenced in the Pre-Sentence Report.  See Docket No. 72, Gov't Resp. Ex. B 1, 11 (1991 convictions); 23 (1996 conviction);

32 (1999 conviction).  Green avers that he "inform[ed] counsel that he did not have counsel in . . . several of his prior convictions."  P.'s Mem. 4.  The government states that there is no attorney of record noted for the driving convictions.  Gov't Resp. 8.

Under <u>Burgett v. Texas</u>, 389 U.S. 109 (1967), a conviction that violates the Sixth Amendment right to counsel cannot "be used against a person either to support guilt or enhance punishment for another offense."  <u>Id.</u> at 109.  In the Fourth Circuit, the burden falls on the defendant to raise an inference of the invalidity of the prior conviction.  <u>United States v. Collins</u>, 415 F.3d 304, 316 (2005).  The defendant must introduce some evidence suggesting that the prior convictions were uncounseled.  <u>Id.</u>; <u>see</u> <u>Burgett</u>, 389 U.S. at 114-15 ("In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore his conviction was void.").  In this case, the records provided by the government do not indicate that Green was represented by counsel at his driving convictions.[2]

Assuming <u>arguendo</u> that Green was not represented by counsel at his driving convictions, no points should have been added to his criminal history for them.  Therefore, this case raises a number of issues that require briefing.  In a separate Order by even date, the Court will appoint counsel to represent Green.

The issues for briefing include the following:

(i)      What evidence, if any, suggests that Green's traffic convictions were

         uncounseled?

_____

[2] The court records provided by the government do not include the driving offenses at issue.  <u>See</u> Gov't Resp. Ex. B <u>passim</u>.  If these records are submitted, and they indicate that Green was not represented by counsel, Green would meet his burden under <u>Collins</u>.  The evidence suggests that these records are available; the government's exhibit includes court records for another driving offense.  <u>See</u> Gov't Resp. Ex. B 77-79 (court records for offense in ¶ 36 in Pre-Sentence Report – driving motor vehicle on a suspended license).

(ii)     What investigation, if any, of Green's convictions did Mr. Ravenell conduct on this point?

(iii)    Did defense counsel violate the first prong of <u>Strickland</u> if he did not independently investigate the findings of the probation officer as set forth in the Pre-Sentence Report?

(iv)    Had the driving convictions been excluded, Green's nine criminal history points would have placed him in Category IV.  Green argues that Judge Davis Judge Davis would have departed downward to a criminal history Category III.  The government counters that Green ended up in the correct criminal history Category, so assuming <u>arguendo</u> Mr. Ravenell committed some error, he caused Green no prejudice.  What is the proper analysis?

(v)     The error affected only the Sentencing Guidelines calculations.  The actual sentence was imposed under § 3355.  Under the statute, the guideline sentence is only one factor to be considered.  Assuming a guideline error was committed, what is the proper analysis for determining prejudice under § 2255?

Following the appointment of counsel, the Court will hold a scheduling conference.

In his § 2255 petition, Green also argues that Mr. Ravenell was ineffective because he (i) failed to request a <u>Franks</u> hearing; (ii) failed to argue that the court violated the Constitution in applying the guideline enhancement found at U.S.S.G. § 3C1.2; and (iii) failed to make certain appellate arguments.  None of these claims has merit, and, when the Court writes the opinion in this case they will be dismissed.

Accordingly, on this ___ day of October, 2009, for the reasons stated herein, the Court will APPOINT counsel for Mr. Green and SCHEDULE further proceedings.


_____/s/_____
Benson Everett Legg
Chief Judge