UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAYTON GREEN | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-09-1442 |
| | * | CRIM. NO. L-05-0088 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |

*******

MEMORANDUM

Now pending is pro se petitioner Payton Green's motion for relief pursuant to 28 U.S.C. § 2255. Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary.[1] For the reasons set forth below, the Court will, by separate Order of even date, DENY Green's motion and DIRECT the Clerk to CLOSE the case.

**I.    Background**

On February 7, 2005, Judge Evelyn Cannon of the Circuit Court for Baltimore City authorized a wiretap on a cellular telephone that Payton Green had been using to facilitate narcotics trafficking. In the government's application for the wiretap order, the affiants explained that a confidential source of information ("SOI") had identified Green as a large-scale narcotics trafficker. The application also identified Terry Page as one of Green's heroin customers.

On February 16, 2005, the government, suspecting that Green was about to make a large narcotics transaction, placed him under physical surveillance. Agents observed Green meeting

---

[1] See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

an individual, whom they later determined to be James Larbi, at the Greyhound bus depot in downtown Baltimore. Larbi entered Green's car, and they drove from the bus depot.

As Green neared Baltimore's Pennsylvania Station, officers attempted to stop his car. Green fled at high speed, and a pursuit ensued. After Green collided with a parked car, he stopped and ran from his car. Officers apprehended Green at a short distance from the crash scene. In his car, they found a suitcase and valise containing, in total, over $200,000. Officers also found more than six kilograms of heroin in a backpack.

On March 2, 2005, a federal grand jury indicted Green and Larbi for conspiracy to distribute and possess with intent to distribute heroin. Green and Larbi were also charged with possession with intent to distribute heroin.

Green filed a motion to suppress the evidence obtained from the wiretap. He argued that the wiretap order was unlawful because the affiants had made material and intentional misrepresentations and omissions. Green argued that the affiants deliberately failed to apprise Judge Cannon that SOI and Terry Page were the same person, and that Page was still cooperating with law enforcement.

In response, Judge Andre M. Davis invited the government to submit affidavits from the individuals who applied for the wiretap order. The government obtained affidavits from Nichole Krivda (the Assistant State's Attorney who made the application for the wiretap order), Drug Enforcement Authority ("DEA") Special Agent Timathy Criniti (the case agent), DEA Special Agent Patrick McCurry (an affiant to the wiretap affidavit), and Judge Cannon. The affidavits established that Judge Cannon had been told that Terry Page and SOI were one and the same, and that Page was, in fact, no longer cooperating with the government. Based on this evidence, Judge Andre Davis concluded that the affiants had made no material misrepresentations or

omissions that affected the wiretap's legality.  Accordingly, he denied Green's motion to suppress.

On April 19, 2006, Green entered a conditional plea of guilty to count one of the indictment.  Judge Davis sentenced him to 188 months imprisonment on June 19, 2006.  Green then appealed the Court's ruling on his motion to suppress.  The Fourth Circuit affirmed the District Court's ruling in an unpublished decision dated December 27, 2002.

Kenneth Ravenell, Esquire, represented Green at his motion to suppress, sentencing, and on appeal.  In his motion for relief, Green claims that Mr. Ravenell was ineffective because he failed to (i) request a <u>Franks</u> hearing; (ii) inform the Court that certain prior convictions were uncounseled; (iii) argue that the Court violated the Constitution in applying the guideline enhancement found at U.S.S.G. § 3C1.2; and (iv) make certain appellate arguments.  The Court will address each of Green's claims in turn.

**II.   Analysis**

Ineffective assistance of counsel claims are evaluated under the <u>Strickland</u> two-prong test, which requires Green to show (i) that counsel's performance was deficient, and (ii) that counsel's deficient performance prejudiced him.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  To establish the first prong, Green must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." <u>Id.</u>  As for the second prong, Green must show that but for his attorney's deficient performance, the result of the proceedings would have been different.  <u>See</u> <u>id.</u>  The Court can address either the prejudice or the effectiveness prong first, and if it finds that Green cannot satisfy one of the prongs, the Court's inquiry ends and the petition is dismissed.  <u>Id.</u> at 697.

3

### A.     Failure to Request a Franks Hearing

Green alleges that Mr. Ravenell's assistance was ineffective because he failed to request a Franks hearing. Green states that, absent a Franks hearing, Judge Davis could not properly review the evidence before Judge Cannon when she authorized the wiretap.

The Court rejects this claim. A Franks hearing is not required unless a defendant makes a substantial preliminary showing that a false statement in or an omission from a warrant affidavit was the product of a deliberate falsehood or was made with reckless disregard for the truth. See United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). In this case, the supplemental affidavits submitted by the government would have defeated any attempt to meet this threshold standard. Green was not entitled to a Franks hearing, and Mr. Ravenell did not err in failing to request one.

### B.     Failure to Identify Uncounseled Prior Convictions

Green argues that Mr. Ravenell was ineffective for failing to alert the Court at sentencing that Green did not have the benefit of counsel at several of his prior convictions. Green contends that this information would have affected the Court's determination of his criminal history under the United States Sentencing Guidelines.

#### 1.     Background

Green's sentencing occurred after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), meaning that Judge Davis first calculated Green's sentence under the advisory United States Sentencing Guidelines. Next, Judge Davis decided Green's sentence based on the binding statute, 18 U.S.C. section 3553.

In calculating Green's Sentencing Guideline range, Judge Davis placed Green at Offense Level 33. Gov't Ex. C, Sent. Hr'g Tr. 35. As reflected in the Pre-Sentence Report, Green had

4

amassed twelve criminal history points, placing him in Category V.  Pre-Sentence Rep. 8-9.  Mr. Ravenell moved for a downward departure under the Sentencing Guidelines, arguing that Category V over-represented the seriousness of Green's criminal history.  Gov't Ex. C 36-44; see U.S.S.G. § 4A1.3(b).  Mr. Ravenell also advanced the same argument in support of a variant sentence in the event that Judge Davis declined to depart downward.  Gov't Ex. C 35.

Mr. Ravenell focused his argument on five of Green's convictions.  In 1991, when Green was sixteen, he pled guilty as an adult to one charge of possession of drug paraphernalia and one charge of extortion.  Pre-Sent. Rep. 6.  These offenses added six points to Green's criminal history.  In 1999, Green was convicted of two counts of driving a motor vehicle on a suspended license.  Id. 7-8.  In 2002, Green was convicted of one count of driving a motor vehicle on a revoked license.  Id. 8.  In total, these offenses added three points to Green's criminal history.

Judge Davis granted the motion, departing downward from criminal history Category V to Category IV.  Gov't Ex. C 44.  In granting the motion, Judge Davis observed that Green had a "very serious criminal record."  Id.  Judge Davis explained:

> I am only going to depart one level on criminal history because he clearly is a recidivous [sic] in the classic sense of the word.  Unfortunately his past would reflect a likelihood of reoffending in the future.  By the way, he's got a handgun.  He's got everything.  He's got everything.  He has everything but a bank robbery.  It's just amazing.

Id. 43-44.  Judge Davis granted the motion, which fixed the final guideline range at offense level 33, criminal history Category IV (188-235 months).  Judge Davis then imposed a 188 month sentence based upon "the facts and circumstances of the case."  Id. 15.

Under Burgett v. Texas, 389 U.S. 109 (1967), a conviction that violates the Sixth Amendment right to counsel cannot "be used against a person either to support guilt or enhance

5

punishment for another offense." Id. at 109.[2]  According to certified court records provided by the government, Green was represented by counsel for the 1991 convictions and two other convictions referenced in the Pre-Sentence Report. See Docket No. 72, Gov't Resp. Ex. B 1, 11 (1991 convictions); 23 (1996 conviction); 32 (1999 conviction).  Green avers that he "inform[ed] counsel that he did not have counsel in . . . several of his prior convictions." P.'s Mem. 4.  The records submitted by the government did not include Green's driving offenses.  Accordingly, the Court appointed Ms. Marta Kahn, Esquire, to represent Green and research his driving convictions.  See Docket Nos. 81, 81.

In a letter dated December 31, 2009, Ms. Kahn explained that she had reviewed the records for Green's convictions.  See Docket No. 90.  According to the records, Green had been represented by counsel at each of the traffic convictions included in his criminal history. Id. 2.  Therefore, Mr. Ravenell was not ineffective for failing to object to the inclusion of these convictions in his criminal history.

Nevertheless, Ms. Kahn identified another error in Green's criminal history.  According to her investigation, Green's conviction for driving with a suspended license, which was included in his pre-sentence report (see Pre-Sentence Rep. ¶ 35), was improperly counted in his criminal history because it did not result in over a year's term of probation and it was not similar to the offense for which Green was sentenced.  See U.S.S.G. § 4A1.2(c)(1).  This conviction contributed one point to Green's criminal history.  Pre-Sentence Rep. ¶ 35.

---

[2] In the Fourth Circuit, the burden falls on the defendant to raise an inference of the invalidity of the prior conviction.  United States v. Collins, 415 F.3d 304, 316 (2005).  The defendant must introduce some evidence suggesting that the prior convictions were uncounseled.  Id.; see Burgett, 389 U.S. at 114-15 ("In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore his conviction was void.").

**2.     Analysis**

Ms. Kahn argues that Green is entitled to relief because there is a reasonable probability that if the driving with a suspended license conviction had been excluded, Judge Davis would have departed an additional level to Category III. Assuming arguendo that Mr. Ravenell erred in failing to object to the inclusion of this conviction, the facts of this case suggest that Green was not prejudiced.

Under the Sentencing Guidelines, Category V is appropriate for defendants with 10-12 criminal history points, Category IV is appropriate for defendants with 7-9 criminal history points, and Category III is appropriate for defendants with 4-6 criminal history points. Judge Davis initially placed Green in Category V. Had Judge Davis excluded Green's 1 point suspended license conviction, Green would have had 11 criminal history points. That score would have placed Green squarely within Category V.

Taking account of Green's youthful convictions and his driving convictions, Judge Davis granted Mr. Ravenell's motion and departed to Category IV. Nevertheless, Judge Davis explicitly declined to depart further. Gov't Ex. C 43-44. He noted that Green had "a very serious criminal record" and that his past suggested "a likelihood of reoffending in the future." Id. Under these circumstances, there is no reason to conclude that the exclusion of one criminal history point would have caused Judge Davis to depart an additional level to Category III.

**C.     Failure to Object to Obstruction of Justice Enhancement**

At sentencing, the Court imposed a sentencing guideline enhancement for "Reckless Endangerment During Flight." See U.S.S.G. § 3C1.2. Green argues that Mr. Ravenell was ineffective because Mr. Ravenell failed to argue that this enhancement violated Green's right to a jury trial.

This claim must fail because sentencing enhancements need not be submitted to a jury. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). After United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory in nature. As a result, decisions about sentencing factors may be "made by judges, on the preponderance of the evidence." Morris, 429 F.3d at 72 (quoting McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)). Mr. Ravenell did not err in failing to argue that the Court violated Green's Sixth Amendment rights.

### D. Counsel's Failure to Make Certain Appellate Arguments

Finally, Green contends that Mr. Ravenell was ineffective because he failed to appeal "all overrulings of objections that was [sic] made by the defense and anything else that may be deemed plain error." P.'s Mem. 8. This claim is without merit. Mr. Ravenell unsuccessfully appealed the Court's ruling on the motion to suppress. Because Green's case did not proceed to trial, no defense objections were overruled or preserved for appeal. Green has not alleged with any specificity what other issues, if any, he instructed Mr. Ravenell to appeal. Accordingly, this claim must be denied.

## III. Conclusion

For the foregoing reasons, Green has failed to satisfy the Strickland test for ineffective assistance of counsel, and the Court will, by separate Order of even date, DENY his motion.

Should Green choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure

22(b)(1).  If this Court should deny certification, Green may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Dated this  2nd  day of March, 2010.

                                                  /s/
                                       Benson Everett Legg
                                       United States District Judge