IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAYTON GREEN  
   Petitioner

v

UNITED STATES OF AMERICA  
   Respondent

\*  
\*  
\*   Civil Action No. RDB-13-2962  
\*   Criminal Action No. RDB-05-88  
\*  
\*  
\*  
\*  
\*\*\*

## MEMORANDUM OPINION

Payton Green (Green) is seeking to void the order denying his Motion to Vacate (ECF No. 95), based on the Supreme Court's recent decision in *Alleyne v. United States*, _ U.S._, 133 S. Ct. 2151 (June 17, 2013), in Motions titled, "Motion Under Rule 60(b)(4) Void Judgment for Relief from a Final Judgment, Order or Proceeding" (ECF No. 148) and "Motion to Add Addendum to 60(b)(4)." (ECF No. 150). He also asks for a "2-point reduction of his sentence," an evidentiary hearing, and remand of his case for resentencing. Upon direction of the Court, the Government has filed a response. (ECF No. 151). This Court has deemed it appropriate to treat Green's Motions as a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 153), and for reasons to follow, Green's second Motion to Vacate (set forth at ECF Nos. 148, 150, 153) will be dismissed without prejudice for lack of jurisdiction.

### I. PROCEDURAL HISTORY

On April 19, 2006, Green entered a conditional plea of guilty to conspiracy to distribute one or more kilograms of heroin, reserving the right to appeal the denial of his motion to suppress evidence. By his plea agreement, the parties stipulated to a Base Offense Level of 34 (for sentencing guidelines purposes) and a three (3) level downward adjustment for acceptance of responsibility. By that plea agreement, the Government also preserved a right to argue for an

upward adjustment of the offense level for reckless endangerment during flight under the sentencing guidelines. At sentencing, the court enhanced Green's offense level by two (2) levels. On June 19, 2006, he was sentenced to 188 months imprisonment.

The judgment was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit on December 27, 2007. On June 2, 2009, Green filed a Motion to Vacate under 28 U.S.C. § 2255, arguing *inter alia* that his criminal history was improperly inflated by three uncounseled driving convictions. Counsel was appointed for Green to brief the issue. Green's remaining claims were deemed without merit.

After briefing by the parties, this court determined an evidentiary hearing was unnecessary and denied Green's motion for relief under 28 U.S.C. § 2255. (ECF No. 95). Green's appeal was denied for lack of prosecution on October 18, 2010. (ECF No. 111).

## II. DISCUSSION

In this action Green is attacking his sentence, and this matter is properly considered under 28 U.S.C. § 2255, not Rule 60(b) of the Federal Rules of Civil Procedure. A motion filed under Federal Rule of Civil Procedure 60(b) that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is in fact a second or successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In *United States v. Weinstock*, 340 F.3d 200, 206-07 (4th Cir. 2003), the United States Court of Appeals for the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255 motion, explaining that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. *Id.* at 207. Green may not evade the procedural requirements for successive § 2255 motions by attaching

2

other titles to his filings. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (stating that regardless of the title assigned by the litigant, the subject matter of the motion determines its status).

This Motion represents Green's second § 2255 motion challenging his judgment. A district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also Winestock*, 340 F.3d at 205. Green provides no evidence that he has obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit; thus, this second § 2255 Motion must be dismissed. *See* Rule 4 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. folio § 2255, Rule 4(b) (providing "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party").[1]

Notably, even if this Court were to construe Green's pleadings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Green would not be entitled to relief. First, in order to bring an appropriate Rule 60(b) motion, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir.1984) (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir.1979)). Relief under Rule 60(b) is an "extraordinary remedy" used only in "exceptional circumstances." *Compton*, 608 F.2d at 102. Only if these

---

[1] The Clerk will send Green an instructions packet for requesting pre-filing authorization in the United States Court of Appeals for the Fourth Circuit.

3

requirements are satisfied, may the court consider relief from final judgment. Green's pleadings fail to address or satisfy these criteria. Second, judgments are void "for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Relief under Rule 60(b)(4) is generally limited to cases where a court clearly had no basis for jurisdiction. *See id.* at 413 (collecting cases). Whereas here, a litigant presents no viable grounds to impugn the jurisdiction exercised by a court, there are no grounds Rule 60(b)(4) relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a Certificate of Appealability because Green has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

### IV. CONCLUSION

Absent appellate prefiling certification, this Court is without jurisdiction to consider Green's second § 2255. Accordingly, the Motion will be dismissed without prejudice for lack of jurisdiction by separate Order to follow.

10/15/13
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE